313 P.2d 1053

STATE of New Mexico ex rel. Lawrence D. WILSON, Chairman, Public Employees' Retirement Board, Petitioner-Appellant,

v.

The CITY OF HOBBS and The City Council of The City of Hobbs, New Mexico, Respondents-Appellees.

No. 6192.

Supreme Court of New Mexico.

July 25, 1957.

Fred M. Standley, Atty. Gen., Hilario Rubio and Paul L. Billhymer, Asst. Attys. Gen., for appellant.

Donald D. Hallam, Hobbs, for appellees.

McGHEE, Justice.

This is an appeal from a decision below denying a peremptory writ of mandamus to compel the respondents to make remittance for money claimed due the Public Employees' Retirement Board because of the alleged failure of the city to exempt itself from the provisions of the Retirement Act, Ch. 167, Laws of 1947, N.M.S.A. 1953, § 5–5–2 note (Laws 1953, Ch. 162, sections 5–5–1 through 5–5–28, N.M.S.A. 1953).

The trial court found the respondent city had by proper resolution prior to Sept. 1, 1949, exempted itself from the purview of the Public Employees' Retirement Act and that it had given timely notice thereof to the Retirement Board.

The sole claim of error is that there is no substantial evidence to support such finding.

The affairs of the governing body of the City of Hobbs were in turmoil at the time

involved here, and its records were in deplorable condition. The city did not have in its records a resolution exempting itself from the act or any record of having advised the Retirement Board of its action. There is positive testimony in the record that the city commission did so act and instruct its clerk to take proper action to exempt the city from its provisions. The testimony is clear that the Chairman of the Public Employees Board made a trip to Hobbs in 1951 and told the city officials that the city had exempted itself from the act and attempted to get them to voluntarily come under the act, but they declined to do so. Later the chairman wrote to the city clerk that he was mistaken when he advised the city had exempted itself, and that it had become a member by default. It was also requested the clerk take the matter up with the city officials and advise them of the city's delinquency.

At the time the chairman made the drive of more than 300 miles to Hobbs and advised the city officials the city had exempted itself from the act, and attempted to get them to voluntarily come in, there must have been evidence in the board files the city had in fact exempted itself.

There was testimony there had been so many changes in city employees at the time the matter of qualifying was considered by the city commission there were only two or three who would have tenure, and it was thought the expenditures required were not justified. The city has never contributed to the retirement fund or made any effort to obtain funds for such purpose.

At the time of the trial there was nothing in the files of the board showing the city had exempted itself, but the chairman must have had proper evidence before him that such had occurred else he would not have made the long trip in an effort to get the city to voluntarily join. We deem it very unlikely this long time public official would have told the clerk the city had exempted itself in the absence of proper proof of such fact. The proof must have been misplaced.

As we said in Brown v. Cobb, 1949, 53 N.M. 169, 204 P.2d 264, 266;

"The case turns on the sufficiency of the evidence to support the findings. The evidence must be considered in an aspect most favorable to appellees and all evidence to the contrary must be disregarded. Indeed, for our consideration, all evidence to the contrary is presumed to be untrue."

We hold that there is sufficient evidence to support the finding of the trial court and the judgment of that court will be affirmed.

It is so ordered.

SADLER and COMPTON, JJ., concur.

LUJAN, C. J., and KIKER, J., not participating.