327 P.2d 305

**CITY OF CLOVIS, Plaintiff-Appellant,**

**v.**

**Ithiniel NORTH, Alfonso Aragon, Mary Helen Martinez, Hazel Cummings, Charles J. Balin, Maggie Sanchez, Defendants-Appellees.**

No. 6385.

Supreme Court of New Mexico.

June 24, 1958.

Smith & Smith, Clovis, for appellant.

Hartley, Buzzard & Patton, Clovis, for appellees.

SHILLINGLAW, Justice.

The six appellees were each separately charged in the Police Court of the City of Clovis, New Mexico, with violation of § 1 of Ordinance No. 592 of the City of Clovis. Each of the six appellees was tried and found guilty. Subsequently each of them gave notice of appeal, filed their separate appeal bonds and docketed their appeals in the District Court of Curry County, New Mexico. There each of the appellees filed a motion challenging the validity of Ordinance No. 592 of the City of Clovis on five grounds. Grounds for dismissal raised under points one and two were overruled and constitute the basis for points one and two raised here by appellees under rule 17(2). Point three was abandoned on appeal here, and point five was not considered by the lower court; leaving the contention under point four, which was sustained by the District Court, to form the basis for appellant's case here. The cases were consolidated for purpose of argument in the lower court and for the purpose of this appeal.

The District Court sustained the appellees' motion on ground No. 4, that is, that the Ordinance was not introduced as required by § 14–11–22, N.M.S.A.1953, since a record of the introduction did not appear in the minutes of the City Commission of the City of Clovis; the District Court refusing to admit extrinsic evidence offered by the City of Clovis to show actual introduction of the Ordinance. From the order sustaining point No. 4 of the appellees' motion and dismissing the actions against each of the defendants, the City of Clovis has appealed.

We first direct our attention to the point raised by the appellant City of Clovis that "proof of the introduction of an ordinance of a municipal corporation organized under the provisions of § 14–11–1 et seq., N.M.S.A.1953, is not limited to the minutes of the governing body, but extrinsic parol evidence is admissible to prove actual introduction of the ordinance, the record being silent."

The City of Clovis is governed by a city commission under authority of § 14–11–1 et seq., N.M.S.A.1953, its ordinance being enacted under § 14–11–22, N.M.S.A.1953, which reads:

"All proposed ordinances or laws of any city organized as aforesaid, shall be introduced at a regular meeting of the commission, and must lie over until a succeeding regular meeting, and must be published at least once in a newspaper of general circulation in said city not less than five (5) days before final passage, and shall be passed by the commission at regular meetings only. No ordinance or law of the city shall be valid unless passed by a majority vote of the entire commission, upon an aye and nay vote entered upon the minutes of the commission. No ordinance of (or) law shall become effective until fifteen (15) days after approval, nor until five (5) days after publication in some newspaper of general circulation in the city of notice of the passage and approval thereof by number and title."

We hold that the City of Clovis should have been permitted by extrinsic parol evidence to prove the introduction of Ordinance No. 592 as required by the above statutes. In State ex rel. Wilson v. City of Hobbs, 63 N.M. 83, 313 P.2d 1053, 1054, the trial court found

"* * * the respondent city had by proper resolution prior to Sept. 1, 1949, exempted itself from the purview of the Public Employees' Retirement Act and that it had given timely notice thereof to the Retirement Board"

although the city did not have in its records a resolution exempting itself from the act. This court held there was sufficient evidence to support the finding.

Counsel for the City of Clovis cites as authority for the City's position the general rule stated in 20 Am.Jur., Sec. 1165, Cumulative Supplement, 1957, p. 146:

"Where there is no express statutory provision that a complete record be kept and the record contains nothing to show whether or not the council took any action, parol evidence is admissible to show that action was, in fact, taken."

The general rule is amplified and explained in 5 McQuillan on Municipal Corporations, 3d ed. In Sec. 14.01, at p. 3, it is said:

"* * * Ordinarily the validity of an ordinance or resolution is not affected by the fact that, through an oversight of the clerk it is not copied upon the municipal records. The unrecorded acts of the council, if clearly proved, are valid; * * *"

And in Sec. 14.03 at p. 7, it is said:

"Although the record may be in certain particulars incomplete, if it appears from such record that the proceedings were regular and in substantial compliance with the charter and law, presumptions will be indulged in favor of its sufficiency and the validity

232

of the corporate acts. * * * Likewise whenever there is not affirmatively shown by the record (mere silence of the record not amounting to such a showing) that the charter provisions relative to the adoption of an ordinance have not been complied with the ordinance in controversy will be deemed to have been regularly adopted."

And in Sec. 14.09 at p. 30, the rule of evidence is succinctly stated:

"As a general rule parol evidence is admissable to supply an omission in or supplement a minute entry."

In view of our holding in State ex rel. Wilson v. City of Hobbs, supra, and the above authorities, we hold appellant's point well taken and that the District Court erred in rejecting the offered extrinsic parol proof of the introduction of Ordinance No. 592.

We now turn to appellees' two points raised under rule 17(2), contending errors of the District Court in overruling their motion attacking the enacting clause and the title of Ordinance No. 592.

■ Appellees argue first that when a municipal ordinance as enacted does not conform to standards set by statute, the ordinance is invalid. Ordinance No. 592 contains as its ordaining clause, "Be It Ordained By The City Commission Of The City Of Clovis, New Mexico:". Appellees contend that this is in violation of the mandatory terms of § 14–25–2, N.M.S.A.1953, which reads:

"The style of the ordinances in cities or towns shall be: Be it ordained by *the city council or board of trustees* of ————." (Emphasis supplied.)

It is apparent that the City of Clovis cannot follow exactly the provisions of § 14–25–2 since it does not have a City Council or Board of Trustees. That Section was originally enacted as Chapter 39, Section 16 of the Laws of 1884, long before the enactment of the provisions of § 14–11–1 et seq., which was originally enacted as Chapter 21, Laws of 1921. Being without later legislative instruction as to the ordaining clause of ordinances, the City of Clovis used the phrase required in § 14–25–2 in the most logical and correct way possible, interpolating the word "Commission" for the word "Council," since the Commission is the legislative body under the Charter of the City of Clovis. It is thus apparent that appellees' argument on this point cannot be sustained.

The second point raised by appellees under rule 17(2) is that when a statute requires that a municipal ordinance have a title, then the title must express the subject matter of the ordinance in terms sufficiently clear as to prevent the people from being left in doubt as to what matters are treated.

We held in State ex rel. Ackerman v. City of Carlsbad, 39 N.M. 352, 47 P.2d 865, that a municipal ordinance need not be entitled under the provisions of Art. 4, § 16 of the New Mexico Constitution. In that case the City of Carlsbad was operating under the Mayor-Council form of government, whereas in the instant case, the City of Clovis is operating under the Commission form of government, and the ordinance is enacted under authority of § 14–11–22, hereinabove set forth. We hold that ordinances enacted under this section likewise require no title.

The final publication of Ordinance No. 592 by the City of Clovis was as follows:

"Legal Notice
"Ordinance No. 592

"An Ordinance Prohibiting the Sale and/or Possession for the Purpose of Sale of Alcoholic Liquors. Prohibiting the Consumption and/or the Permitting of Consumption of Alcoholic Liquors in Public Places; and Providing Penalties for the Violation Thereof.

"Be It Ordained by the Board of Commissioners of the City of Clovis, New Mexico.

"Passed, Approved and Adopted this the 13th day of Sept., 1956.

"/s/ O. G. Potter
"O. G. Potter, Mayor

"(Seal)
"Attest:
"/s/ Mabel Pate
"Mabel Pate, City Clerk"

What then is required in the final publication under the provisions of § 14–11–22:

" * * * No ordinance of (or) law shall become effective until fifteen (15) days after approval, nor until five (5) days after publication in some newspaper of general circulation in the city of notice of the passage and approval thereof *by number and title.*" (Emphasis supplied.)

By its plain meaning, the word "title" is a "descriptive name" or "the heading forming the name of an act or statute, by which it is distinguished from others." Merriam-Webster New International Dictionary 2655 (2d ed. 1953). We hold that in the final publication an ordinance must be so identified as to give general notice to all concerned of the character of the enactment. Actually the appellant City prefaced the ordinance with a title when originally introduced and it has merely used this title along with the ordaining clause of the ordinance for the final publication. Use of the ordaining clause in the final publication can be regarded as mere surplusage resulting in a somewhat awkward style. Nevertheless we find the publication to be sufficient, and accordingly hold appellees' second point to be without merit.

The order of the lower court overruling points 1, 2 and 3 of appellees' motion to dismiss is affirmed, and that part of its order sustaining appellees' point 4 thereof is reversed and the case is hereby remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.